UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUDY SCHWARTZENBERGER,     )
                             )   No. CV-07-0013-CI
       Plaintiff,      )
                             )   ORDER GRANTING PLAINTIFF'S
v.                       )   MOTION FOR SUMMARY JUDGMENT
                             )   AND REMANDING FOR AN
MICHAEL J. ASTRUE,         )   IMMEDIATE AWARD OF BENEFITS
Commissioner of Social     )
Security,               )
                             )
       Defendant.     )
                             )

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 24.) Attorney Maureen Rosette represents Judy Schwartzenberger (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for an immediate award of benefits.

### JURISDICTION

On February 5, 2001, Plaintiff protectively applied for Social Security Income (SSI) benefits. (Tr. 173-76.) Plaintiff alleged disability due to severe depression, with an onset date of September

1997.[1]    (Tr. 193.)    Benefits were denied initially and on reconsideration. (Tr. 91.)    Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Paul Gaughen on September 17, 2002; a supplemental hearing was held on October 9, 2003.   (Tr. 594-639, 640-67.)   Plaintiff appeared with counsel and testified.    Her daughter testified as a lay witness. (Tr. 595.)    ALJ Gaughen denied benefits, Plaintiff requested a review, and the Appeals Council remanded the case for further proceedings on June 30, 2004.   (Tr. 138-40.)    Additional evidence was received, and a new hearing was held before ALJ Gaughen on March 3, 2005.    Plaintiff, medical expert Ronald Klein, Ph.D, and vocational expert Daniel McKinney testified.    (Tr. 668-705.) Benefits were denied, and Plaintiff requested another review by the Appeals Council, which was granted.   The case was remanded for a new hearing on November 9, 2005, and reassigned to ALJ R.J. Payne. (Tr. 158-60.)    A fourth and final hearing was held on May 15, 2006, at which Plaintiff and Dr. Klein testified.    (Tr. 707.)    Plaintiff was represented by counsel throughout these proceedings.

ALJ Payne denied benefits on July 28, 2006, and the Appeals Council denied review.    The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript

---

[1]    Since there is no retroactivity of benefits payment under Title XVI of the Social Security Act, onset is established on the date of filing for SSI benefits, provided claimant was disabled on that date. *Social Security Ruling* (*SSR*) 83-20.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 2

of proceedings, and are briefly summarized here.  At the time of the last hearing, Plaintiff was 46 years old.  She had completed tenth grade, and did not obtain her high-school equivalency degree.  She lived with her significant other, their four-year-old and a sixteen-year-old sons by a former spouse.  She also had four other children who lived with her former spouse.  (Tr. 724-25.) She had past work experience at her former spouse's small used car lot, where she helped him manage the business, sold vehicles and did basic paperwork associated with the sales.  (Tr. 726.)    Plaintiff testified she could not sustain work due to depression, anxiety, fatigue, pain, and extreme diarrhea caused by her chronic illnesses. (Tr. 731-37, 744.)

## ADMINISTRATIVE DECISION

At step one, ALJ Payne found Plaintiff had not engaged in substantial gainful activity during the relevant time.  (Tr. 23.) At step two, he found: "The claimant has the following severe impairments: mild affective and personality disorders, influenced and/or exacerbated by substance abuse. Physically, she has been treated for Grave's disease, Crohn's disease, reactive airway disease and hypothyroidism." [2]  At step three, he determined that "[o]ther than Section Listing 12.09 for substance abuse disorders,

---

[2]  Although this finding is somewhat unclear, references to Plaintiff's Grave's disease, Crohn's disease, reactive airway disease and hypothyroidism (which are established by medical evidence in the record) are included in the ALJ's Finding 2, which enumerates severe impairments.  Therefore, these physical conditions are construed as "severe" for purposes of step two findings.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 3

. . . claimant's alleged medical conditions, singularly or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings)." (Tr. 26.)

At Finding 4, the ALJ determined:

> After careful consideration of the entire record, the undersigned finds that the claimant has no physical or exertional limitations, but she should avoid work involving machinery, unprotected heights such as ladders, ropes and scaffolding, or exposure to airborne pollutants; and she has "moderate" limitations for social interaction/functioning, specifically interacting with the public, working in coordination with or in close proximity to others/co-workers, and accepting/ responding appropriately to criticism.

(Tr. 26.) He found Plaintiff's statements regarding her symptoms "not entirely credible." (Tr. 29.) The ALJ concluded Plaintiff was unable to perform any past relevant work. (Tr. 29.) Proceeding to step five and relying on vocational expert testimony from the March 3, 2005, hearing, the ALJ found that Plaintiff could perform other work in the national economy and was therefore not disabled as defined by the Social Security Act. (Tr. 31.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo. Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 4

1   substitute its judgment for that of the Commissioner.
    *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of*
2   *Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

3       The ALJ is responsible for determining credibility,
    resolving conflicts in medical testimony, and resolving
4   ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
    Cir. 1995). The ALJ's determinations of law are reviewed
5   *de novo*, although deference is owed to a reasonable
    construction of the applicable statutes. *McNatt v. Apfel*,
6   201 F.3d 1084, 1087 (9th Cir. 2000).

7                       **SEQUENTIAL PROCESS**

8       Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

9   requirements necessary to establish disability:

10          Under the Social Security Act, individuals who are
        "under a disability" are eligible to receive benefits. 42
11      U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
        medically determinable physical or mental impairment"
12      which prevents one from engaging "in any substantial
        gainful activity" and is expected to result in death or
13      last "for a continuous period of not less than 12 months."
        42 U.S.C. § 423(d)(1)(A). Such an impairment must result
14      from "anatomical, physiological, or psychological
        abnormalities which are demonstrable by medically
15      acceptable clinical and laboratory diagnostic techniques."
        42 U.S.C. § 423(d)(3). The Act also provides that a
16      claimant will be eligible for benefits only if his
        impairments "are of such severity that he is not only
17      unable to do his previous work but cannot, considering his
        age, education and work experience, engage in any other
18      kind of substantial gainful work which exists in the
        national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus,
19      the definition of disability consists of both medical and
        vocational components.
20
            In evaluating whether a claimant suffers from a
21      disability, an ALJ must apply a five-step sequential
        inquiry addressing both components of the definition,
22      until a question is answered affirmatively or negatively
        in such a way that an ultimate determination can be made.
23      20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
        claimant bears the burden of proving that [s]he is
24      disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
        1999). This requires the presentation of "complete and
25      detailed objective medical reports of h[is] condition from
        licensed medical professionals." *Id.* (citing 20 C.F.R. §§
26      404.1512(a)-(b), 404.1513(d)).

27      It is the role of the trier of fact, not this court, to resolve

28  conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 5

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ improperly rejected her testimony, improperly relied on medical expert testimony, and improperly rejected the opinions of examining psychologists. (Ct. Rec. 14 at 13, 15, 19.)

**DISCUSSION**

**A.    Credibility**

Plaintiff argues the ALJ improperly rejected her testimony regarding limitations caused by Crohn's disease and hypothyroidism over the last five years. (Ct. Rec. 14 at 17-18.) At the hearing before ALJ Payne, Plaintiff testified she had about three Crohn's attacks per month and chronic diarrhea. She reported an attack causes her severe cramps and spasms that double her over in pain and require her to go to the bathroom up to four times a day for up to forty-five minutes. (Tr. 736-39.) She also testified that due to

her Grave's disease, her thyroid was removed, and she had ongoing problems adjusting her thyroid medication.  She stated symptoms relating to her resulting hypothyroidism and attempts to medicate were extreme joint pain, fatigue, and alternate periods of hyperactivity, anxiety and sleeplessness.  (Tr. 731-33.)  She also testified the only reason she could do her past work was because she worked for her spouse and he was very tolerant of her absences and mood swings.   (Tr. 738.)   Plaintiff's testimony in 2006 is consistent with her testimony at the March 3, 2005, hearing, where she described her hypothyroidism symptoms and her Crohn's attacks. At the 2005 hearing, Plaintiff stated these attacks occurred for months and would come on suddenly, causing her to need a bathroom quickly.  (Tr. 690-91.)

In his credibility finding, ALJ Payne stated: "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." (Tr. 29.)

When an ALJ finds the claimant's testimony as to the severity of impairments, symptoms and pain is unreliable, he must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  While the ALJ cannot disregard a claimant's subjective complaints regarding the severity of symptoms solely because there

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 7

is a lack of objective medical evidence to support the testimony, there must be some objective medical evidence of an impairment for the time at issue. *Bunnell*, *supra*.

In assessing credibility, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between her statements and conduct, her daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas,* 278 F.3d at 958-959; *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). An adjudicator must not draw inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering claimant's explanation for his or her failure to seek treatment. *SSR* 96-7p. Such explanations may include that the claimant is living with symptoms; financial concerns prevent the claimant from seeking treatment; the claimant has been told that there is no further, effective treatment that would be of benefit; and that the claimant may structure his or her daily activities so as to minimize symptoms

to a tolerable level or eliminate them entirely.  *Id*.

Here, the ALJ found Plaintiff's Crohn's, hypothyroidism and Grave's diseases[3] were severe impairments.  (Tr. 23.)  Plaintiff's complaints are consistent with a diagnosis of Crohn's disease and hypothyroidism resulting from removal of her diseased thyroid.  At the March 3, 2005, hearing Dr. Klein testified that Plaintiff's Crohn's disease, hypothyroidism, and asthma, were "all relevant

---

[3] Crohn's disease is a chronic inflammatory bowel disease, causing abdominal pain and diarrhea.  It may also cause rectal bleeding, and weight loss; the range and severity of the symptoms vary.  Treatment for relief of symptoms may lower the number of recurrences, but there is no cure.  Predicting when symptoms will return is not possible.  U.S. National Library of Medicine and National Institutes of Health (NIH), National Institute of Diabetes and Digestive and Kidney Disease, *Digestive Disease Information Clearinghouse: Crohn's Disease* (August 2007) *(available at* http://www.nlm.nih.gov/medlineplus/crohnsdisease.html)*.*

Grave's disease is an autoimmune disorder that is caused by "an abnormal immune system response that attacks the thyroid gland and causes too much production of thyroid hormones."  Symptoms include fatigue, nervousness, double vision, weight loss, frequent bowel movements and muscle weakness. Surgical removal of the diseased thyroid is a recognized treatment option and results in the lifelong use of replacement thyroid hormones. U.S. National Library of Medicine and National Institutes of Health (NIH), *Medical Encyclopedia, Graves Disease* (August 2007), (*available at* http://www.nlm.hih.gov/medlineplus/ency)*.*

issues" because, although all were treatable, they were all things that "can reduce a person's ability to perform substantive gainful activity and to adapt generally psychologically." (Tr. 678.) Consistent with this testimony is medical evidence from CHAS clinic documenting treatment for Plaintiff's chronic conditions, including Crohn's, and efforts to adjust her thyroid medication. (Tr. 512-20, 560-76.)  In November 2002, Dr. Rubin reported that Plaintiff was suffering the "diarrhea stage" of her Crohn's affliction, which had been inactive in 2001. (Tr. 473.)  This also is consistent with Plaintiff's testimony in 2005 and 2006.  (Tr. 690, 735.)

The ALJ briefly summarized Plaintiff's testimony (Tr. 27) and made the conclusory finding that Plaintiff's subjective complaints regarding her limitations were less than credible, without identifying what portions of her testimony he found not credible and without explaining what evidence undermines her testimony. According to the Commissioner's policy, this type of conclusory statement is not sufficiently specific to reject a claimant's statements.[4]  *SSR* 96-7p.

---

[4] Although the ALJ referenced objective testing evidence of symptom over-reporting and poor motivation (Tr. 28), the court notes on independent review that at the March 2005 hearing, Dr. Klein opined Plaintiff's elevated testing scores represented "a general expression of emotional distress that has some validity to it," rather than malingering. (Tr. 679.) The examining psychologist who administered the tests likewise found no malingering and emphasized the scores could indicate "a plea for help by a extremely anxious individual." (Tr. 278, 280.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 10

The court will not infer lack of credibility. *Murray v. Heckler* 722 F.2d 499, 502 (9th Cir. 1983). The ALJ's failure to give "clear and convincing" reasons for rejecting Plaintiff's testimony at the March 2005 and May 2006 hearings regarding her fatigue, pain, and need for extended bathroom breaks four times a month is reversible error. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

**B.    Reliance on Medical Expert Testimony**

Plaintiff argues the ALJ erroneously relied on the testimony of a non-examining medical expert and improperly rejected the opinions of examining psychologists that she had "moderate" and "marked" limitations stemming from psychological disorders. (Ct. Rec. 14 at 15-16.)

Courts have upheld an ALJ's decision to reject the opinion of an examining physician based in part on the testimony of a non-examining medical advisor. *Lester,* 81 F.3d at 831. The testimony of a medical expert may serve as substantial evidence only when supported by other evidence in the record. *Id.* However, if the ALJ rejects contradicted opinions from examining medical sources, he must give specific and legitimate reasons for disregarding those opinions. To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation of the evidence, and make findings. *Thomas*, 278 F.3d at 957. Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a

claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Lester*, 81 F.3d at 831 (*quoting Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984); *see also Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Here, ALJ Payne found that, based on evidence from Dr. Klein, claimant "would not even have a mental diagnosis without her history of substance abuse." (Tr. 28.) He reasoned that Dr. Klein's assessment that Plaintiff's affective-mood disorder was "not severe" without the consideration of substance abuse was "clearly the same as all other examining opinions" evaluated in his decision. (Tr. 27.) This finding is not supported by substantial evidence. For example, in 2004, Dr. Arnold noted "marked" limitations in Plaintiff's ability to (1) carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) work in coordination with or proximity to others without being distracted; (4) complete a normal workday without interruption from psychological problems; and (5) perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 492.) In February 2001, Dr. Bailey found "marked" limitations in Plaintiff's ability to exercise judgment and make decisions and relate appropriately to co-workers and supervisors. (Tr. 295.) These opinions were neither specifically referenced in the decision nor rejected under the legal standards discussed above. Rather, the ALJ found that "moderate" and "marked" mental capacity limitations in the record are "generally refuted by the accompanying clinical

report of the evaluation." (Tr. 28.) He also referenced objective test evidence of symptom over-reporting, poor motivation and asserted that "claimant's diagnoses were 'controlled with medication' and 'in remission with medication.'" This generalized reasoning, without identifying the limitations rejected and the basis for the rejection, is not sufficiently specific to meet the Commissioner's burden in rejecting the examining psychologists' opinions. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

Regarding Plaintiff's substance abuse issues,[5] an independent

---

[5] Where substance abuse/addiction is a consideration during the sequential evaluation, the Regulations implemented by the Commissioner require the ALJ to follow a specific two-step analysis. 20 C.F.R. §§ 404.1535(a), 416.935(a). First, the ALJ must conduct the five-step inquiry without attempting to determine the impact of substance abuse/addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits and there is no need to proceed with further analysis. *Id.* If the ALJ finds that claimant is disabled, and there is evidence of substance abuse, the ALJ should conduct a second sequential evaluation to determine if the claimant would still be disabled *absent the substance abuse*. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Here, the ALJ did not conduct a two step analysis. Further, there is no finding that substance addiction disorder is a "severe" impairment at step two (Tr. 23); therefore, an assertion that Plaintiff met the Section Listing 12.09 for substance abuse disorders (Tr. 26, No. 3) is inconsistent with 20 C.F.R. § 416.920(a)(4)(iii) and (iv) (only if

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 13

review of examining psychologist reports shows that Mahlon Dalley, Ph.D., and Dr. Bailey did not diagnose substance abuse or chemical dependency in January and February 2001. (Tr. 282, 291.)  In his 2004 and 2006 evaluations, Dr. Arnold did not diagnose active substance abuse disorder or substance abuse disorder in remission or indicate that Plaintiff's limitations were effected by substance abuse.  (Tr. 487, 489, 581.)  In October 2004, Joyce Everhart, Ph.D., diagnosed alcohol dependence and methamphetamine dependence in remission, by history and record, as well as dysthymic disorder, anxiety disorder, dissociative disorder and psychotic disorder. (Tr. 506.)

Medical expert testimony is consistent with these diagnoses. For example, Scott Mabee, Ph.D., testified in October 2003, that while there was some evidence of substance abuse, the most exact diagnosis was dysthymic disorder.  He opined that substance abuse should not be an active diagnosis because the evidence showed a 20-month remission.  (Tr. 654.)  At the March 2005 hearing, Dr. Klein testified dysthymic disorder was "a reasonable diagnosis," and opined that, "[i]t's really an open question as to whether there would be dysthymia without the drug abuse over the course of the years." (Tr. 677.)  At both the 2005 and 2006 hearings, Dr. Klein testified substance abuse was probably not an issue after April 2002.  (Tr. 681-82, 720.)  Thus, the record in its entirety is unclear as to what, if any, impact alcohol or drug use had on

an impairment is determined "severe" does the evaluation proceed to step three to determine if the severity meets or equals the Listing) and 20 C.F.R. §416.935, *supra*.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 14

Plaintiff's psychological condition.  This problematic interplay between substance abuse and mental illness has been addressed by the Commissioner, who advised that when it is unclear from the record what effects are caused by alleged substance abuse and what are caused by claimant's mental disorders, claimant should be given the benefit of the doubt, and a finding that substance abuse is not a contributing factor is appropriate.  *Cox, Dale, Social Security Administration, Emergency Teletype, August 30, 1996, available at* www.ssas.com/daa-q&a.htm;  *see also McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) (*citing* the Social Security Administration's teletype).

Because Dr. Klein's purported testimony that Plaintiff's mental impairments were "not severe" without consideration of substance abuse is not supported by other evidence,  including Dr. Klein's prior testimony, it was improperly relied upon by ALJ Payne as a basis for rejecting the examining psychologists' severity findings.[6] Further, because the ALJ did not give specific or legitimate reasons for rejecting the "marked" limitations opined by Drs. Bailey and Arnold, those opinions are credited as a matter of law. *Lester*, 81 F.3d at 834.

**C.    Remedy**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of examining physicians.  The general rule, found in the *Lester* line of cases, is that "we credit

---

[6] Even if substance abuse were found "severe," there is no evidence that it would be material to the severity of Plaintiff's symptoms from Crohn's disease and hypothyroidism.

that opinion as a matter of law." *Id.; see also Smolen v. Chater,* 80 F.3d 1273, 1291-92 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (*citing McAllister*). The *McAllister* approach appears to be disfavored where the ALJ fails to provide any reasons for discrediting a medical opinion. *See Pitzer*, *supra*; *Winans v. Bowen*, 853 F.2d 643 (9th Cir. 1987).

Case law requires an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman*, 211 F.3d at 1178 (citing *Smolen*, 80 F.3d at 1292).

Improperly rejected claimant testimony is also credited as true. *Lester*, 81 F.3d at 834; *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988)(*Varney II*). Plaintiff's credited testimony at the May 2006, hearing is consistent with her testimony before ALJ Gaughen in March 2005.

In making his step five determination that Plaintiff could perform work in the national economy, ALJ Payne relied on opinions given by vocational expert McKinney at the 2005 hearing, which were based on the hypothetical presented by ALJ Gaughen. (Tr. 31, 700-02.) Because ALJ Gaughen's hypothetical did not include the above

credited evidence, Mr. McKinney's testimony has no evidentiary value, and ALJ Payne's step five findings are not supported by substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988) (vocational expert opinion that claimant can work has no evidentiary value if hypothetical does not accurately reflect the claimant's physical and mental limitations). However, when presented with the improperly rejected limitation of unpredictable and prolonged bathroom breaks, three to four times a day, Mr. McKinney testified this limitation would preclude regular employment. (Tr. 703.) Because this testimony established Plaintiff's inability to work, there is no utility to further proceedings. *Harman*, 211 F.3d at 1180; *Lewin v. Schweiker*, 654 F.2d 631 (9th Cir. 1981) (remand for additional proceedings would simply delay receipt of benefits).

Crediting Plaintiff's improperly rejected testimony and statements in treatment records and "marked" limitations found by Dr. Bailey in 2001, the onset date is established as alleged. *See, e.g., Hammock*, 879 F.2d at 503; *Varney II*, 859 F.2d at 1401.

The delay in Plaintiff's disability proceedings, which started in February 2001, has been significant; the case has been remanded two times by the agency and heard by two ALJs at four hearings. The record is fully developed, and there are no other issues to be resolved. Further remand in this matter would serve no useful purpose. *See Benecke*, 379 F.3d at 597. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED** and this matter is remanded to the Commissioner for an

immediate award of benefits.

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 24)** is **DENIED;**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED August 31, 2007.


_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR IMMEDIATE AWARD OF BENEFITS - 18